UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD KENDALL,

                Petitioner,                Case No. 1:09-cv-1080

v.                                        Honorable Robert J. Jonker

DEBRA SCUTT,

                Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

      Petitioner, who is represented by counsel in this action, is incarcerated in the Newberry Correctional Facility. He pleaded nolo contendere in the Calhoun County Circuit Court to one count of first-degree home invasion and three counts of police officer-assault/resist and obstruct. (Plea Transcript (Plea Tr.), 10, Exhibit 1, docket #2-2.) The following facts were offered by defense counsel in support of the plea:

> On April 30, 2007, at 32 Grandview Court in the City of Battle Creek the homeowner returned home and realized that someone had entered the home. It's – I will indicate that [the] report states that the back screen or screen on the side door of the residence was removed and a window or door was opened. There was no damage to the door, but the screen was removed. Upon entering the home the complaining witness noticed that property that was contained in this house had been removed. Police officers were called and the three police officers, Officer Barnham, Weiner and Cipcic responded to the location. Defendant was seen outside the home and had either in his possession or within the area of his possession some property that was – belonged inside the home. The police officers ordered him to stop. And all three officers were involved in either – either getting him to stop, ordering him to stop, or forcing him to the ground. There was some resistance and also he had to be pepper sprayed. I believe – my belief is that especially in view of background history that – to some extent I believe my client was probably under the influence of some controlled substance, but be that as it may three officers found it necessary to discontinue and stop him from resisting, and from there he was arrested and charged.

(Plea Tr., 6-7.) A sentencing hearing was held on May 9, 2008. Defense counsel argued for a downward departure from the guidelines due to Petitioner's young age, and his mental health and substance abuse problems. (Sentencing Transcript (S. Tr.), 18-20, Exhibit 2, docket #2-3.) Under Michigan law, a trial court can depart from the statutory sentencing guidelines for substantial and compelling reasons stated on the record. MICH. COMP. LAWS § 769.34(3); *People v. Buehler*, 727

N.W.2d 127, 130 (Mich. 2007). The trial court found that Petitioner failed to establish a sufficient basis for a downward departure and sentenced Petitioner within the guideline range to concurrent prison terms of seven to twenty years for the home invasion conviction and one to two years for each of the police officer-assault/R&O. (S. Tr., 20.) Petitioner filed a motion for re-sentencing on the ground that Petitioner was entitled to a downward departure from the sentencing guidelines. The trial court denied his motion on November 14, 2008. Petitioner sought leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan appellate courts denied Petitioner's applications for leave to appeal on June 16, 2009 and October 28, 2009, respectively.

In his application for habeas corpus relief and supporting brief, Petitioner argues that the trial court abused its discretion by denying his request for a downward departure from the sentencing guidelines and imposed a sentence that was disproportionate. He further claims that MICH. COMP. LAWS § 769.34(10), which requires the Michigan Court of Appeals to affirm a minimum sentence within the guideline range absent an error in guideline scoring or reliance upon inaccurate information, violates the separation-of-powers doctrine and his state and federal due process rights.[1]

---

[1] Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). It is unclear whether all of the legal theories presented in Petitioner's habeas petition were presented in the Michigan appellate courts. Even if Petitioner did not fairly present one or more of his legal theories in his state court appeals, the Court may dismiss a petition on the merits notwithstanding his failure to exhaust available state-court remedies. *See* 28 U.S.C. § 2254(b)(2).

**Discussion**

Petitioner first claims that the trial court abused its discretion by denying his request for a downward departure from the sentencing guidelines and imposed a sentence that was disproportionate under the analysis enunciated by the Michigan Supreme Court in *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990). In *Milbourn*, the court held that a sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). A federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. 28 U.S.C. § 2254(a); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thus, Petitioner's claim based on *Milbourn* is not cognizable in a habeas corpus action.

Petitioner also contends that MICH. COMP. LAWS § 769.34(10) violates the separation-of-powers doctrine. The statute provides in pertinent part:

> If a minimum sentence is within the appropriate guideline sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing, absent an error in scoring the sentencing guidelines or inaccurate information relief upon in determining the defendant's sentence.

MICH. COMP. LAWS § 769.34(10). Petitioner argues that by enacting the statute, the legislature has stripped the appellate court of the opportunity to review the exercise of discretion by a sentencing

judge in refusing to depart below the statutory guideline range. Petitioner's claim concerns the separation of powers between the Michigan legislature and the Michigan judiciary. Like his previous claim, Petitioner's separation-of-powers claim concerns a matter of state law, and, thus, is not cognizable for purposes of habeas corpus review. *See Bradshaw*, 546 U.S. at 76; *Pulley*, 465 U.S. at 41. Moreover, the Michigan Supreme Court held in *People v. Garza*, 670 N.W.2d 662 (2003), that MICH. COMP. LAWS § 769.34(10) does not violate the separation-of-powers doctrine.

Finally, Petitioner contends that MICH. COMP. LAWS § 769.34(1) violates his state and federal due process rights because he was denied appellate review of his sentencing claim. Again, an alleged violation of Michigan law is non-cognizable in habeas corpus. In addition, Petitioner fails to raise a meritorious due process claim under the federal constitution. More than a century ago, the Supreme Court held that the Constitution does not require States to grant appeals as of right to criminal defendants seeking to review alleged trial court errors. *McKane v. Durston*, 153 U.S. 684 (1894). Even if Petitioner had a constitutional right to appeal to his sentence, the Michigan statute at issue in this case does not abolish a defendant's right to appeal. The statute only limits a defendant's right to challenge his sentence to circumstances in which the sentence does not adhere to the legislative requirements. A defendant may still show on appeal that the trial court committed a scoring error or relied upon inaccurate information. Therefore, the statute does not violate Petitioner's federal due process rights.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application under Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated:  January 8, 2010            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE